The United States Bank v. James W. Southard.

The first question being settled against this application, it leaves nothing more to be decided.

*Mandamus denied.*

---

## JOHNSON ET AL. v. FIELD.

Motion for Mandamus, upon same state of facts substantially.

For the reasons assigned in the preceding case, the application must be denied.

*Mandamus denied.*

---

## THE UNITED STATES BANK v. JAMES W. SOUTHARD.

On motion to set verdict aside.

After a promissory note is dishonored, an indorser's promise to pay it, made without a full knowledge that he is discharged by the holder's laches in not demanding payment of the maker, is void.

The indorser's knowledge that the maker had not paid the note, and his acknowledgment that he did not expect it would be paid by him, does not alter the question.

But such promise is not void, merely, as for want of consideration, nor under the statute of frauds, as a promise to pay the debt of a third person.

*W. Thomson* for plaintiff.

*Hartwell* for defendant.

The opinion of the Court, was delivered by

NEVIUS, J. This was an action brought by the plaintiffs

against the defendant as the indorser of a promissory note, made by D. D. Southard, for three hundred dollars, payable to the defendant, at ninety days, and dated on the 24th of April, 1836. The declaration is in the usual form, and the plea non assumpsit. Upon the trial at the Somerset Circuit, the plaintiffs, after proving the signatures of the maker and indorser, offered to prove that after the note had been dishonored, the defendant made an express promise to pay it. This evidence was objected to, on the ground that until a demand of payment and notice of non-payment was proved, such promise was without consideration and void under the statute of frauds; and more especially, if it was made by the defendant without knowing that he had been discharged by the laches of the plaintiffs. But the court overruled the objection.

The plaintiffs then proved by W. Thompson, Esq., that in March, 1837, he called upon the defendant, and showed him the note. That he admitted his own signature, and that of the maker, and said that he would pay it as soon as he could raise the money. That he had no dependence on his brother Dan to pay it. That he had been informed by his uncle, that the note lay over unpaid, and he had expected it to be sent on for collection, before. The witness then requested him to sign his appearance to a writ, which he did. Witness did not understand from defendant, that payment had been demanded of the maker, or that he had received notice of non-payment.

Upon this evidence the court recommended a verdict to be rendered for the plaintiffs, with leave to the defendant to move to set it aside, and enter a non suit, if this court should be of opinion that the evidence did not in law, warrant a recovery against him.

The defendant in support of his motion to set aside this verdict, insists in the first place, that the promise proved, was void for want of consideration, and also under the statute of frauds, it being a promise to pay the debt of a third person; and second, that it was made without a full knowledge that he had been discharged by the laches of the holders.

There are many cases in the books, which contain a full answer to the first objection. In 12 *Wheaton's Rep.* 183, *Thornton* v. *Wynn,* it was adjudged, that an unconditional promise by the

indorser of a bill or note, to pay it, or an acknowledgment of his liability, after knowledge of his discharge by the laches of the holder, will amount to an implied waiver of due notice of a demand. If the indorser by such promise, waives all exception to want of demand and notice of non-payment, he places himself in the same condition he would be in if such demand and notice had been proved. It remains then to inquire whether the promise in this case, which was absolute and unconditional, was made with a full knowlege of the facts. There is nothing to vary this case from that of the case of *Johnsons* v. *Barkalow*, 1 *Har. R.* 397, except that the defendant at the time of the promise, said, that he had no dependence on the maker to pay it, and that he had understood from his uncle, that the note was laying over, unpaid ; and he expected it would have been sent on for collection, before. I cannot perceive that this amounts either to an express waiver of a demand on the maker, or that it proves a knowledge on the defendants' part, that no demand had been made from which the law would imply a waiver, on his promise to pay. Suppose he did not expect that the maker would pay the note, this would not absolve the holders from their obligation to make the demand ; and suppose it be true, that he was informed that the note was lying over unpaid, this was no evidence to him that it had been duly demanded of the maker : and his expectation that it would before have been sent on for collection, does not prove that he knew that he was discharged by the laches of the holder. There is then no evidence in the case, showing that the defendant's promise was made upon full knowledge of his having been discharged. If the doctrine, therefore, laid down in the English books on this subject, and by the Supreme Court in New York, and confirmed by our own Court, in the case above referred to, be correct, the verdict in this case should be set aside; for I see no material distinction in the cases.

DAYTON, J., being connected with the defendant, gave no opinion.

*Verdict set aside.*

CITED *in Sussex Bank* v. *Baldwin*, 2 *Harr.* 496.